**Robert G. GRENIER, et al., Plaintiffs,**

v.

**The DOW CHEMICAL COMPANY, Defendant.**

**Civ. No. 84–0039 P.**

United States District Court, D. Maine.

Feb. 26, 1986.

**1530**

See also, D.C., 624 F.Supp. 1207.

Harold L. Lichten, Tureen & Margolin, Portland, Me., Robert A. Taylor, Jr., Ashcroft & Gerel, Washington, D.C., for plaintiffs.

Alfred C. Frawley, George S. Isaacson, Brann & Isaacson, Lewiston, Me., Leonard J. Rivkin, Joseph J. Ortego, Rivkin, Radler, Dunne & Bayh, Garden City, N.Y., Michael

A. Makulski, Legal Dept., Dow Chemical Co., Midland, Mich., for defendant.

## MEMORANDUM AND ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION *IN LIMINE* TO ADMIT TESTIMONY OF CERTAIN COWORKERS OF THE PLAINTIFF REGARDING THEIR MEDICAL CONDITIONS

GENE CARTER, District Judge.

This is a products liability action in which Plaintiff Robert Grenier seeks to prove that he has contracted a neurological illness as a result of exposure to herbicides manufactured by the Defendant, The Dow Chemical Company.[1] Plaintiffs allege that the exposure occurred while Mr. Grenier was employed by Chem-Trol, Inc. During his employment at Chem-Trol, Mr. Grenier sprayed herbicides on utility rights of way. For the purpose of proving a causal link between the Defendant's product and Mr. Grenier's condition, Plaintiffs seek to introduce evidence that two of Mr. Grenier's six coworkers are also suffering from the same neurological illness. Plaintiffs have filed a Motion *in Limine* to admit the testimony of these coworkers regarding their medical conditions. It is apparent from Plaintiffs' memoranda submitted on this issue that the motion also seeks a determination of the admissibility of coworkers' medical records and reports prepared by Plaintiffs' experts regarding the coworkers' medical conditions. The Court has received Defendant's Opposition to Plaintiffs' Motion, Plaintiffs' Reply, Defendant's Sur-Reply and Plaintiffs' Response to Defendant's Sur-Reply.

### Coworker Testimony

■ Testimony by persons other than the Plaintiff regarding injuries after exposure to an allegedly harmful product have been held to be admissible to show causation in products liability actions if the injuries and circumstances surrounding the injuries are substantially similar to the Plain-

---

**1.** Lynda Grenier, Robert Grenier's wife, and their three children are also plaintiffs.

tiff's. *See Kehm v. Procter & Gamble Manufacturing Company,* 724 F.2d 613, 625 (8th Cir.1983) (documents and testimony of consumer relating to illness after using Rely tampons admitted under Fed.R. Evid. 401 to show "dangerousness" of product); *Gober v. Revlon, Inc.,* 317 F.2d 47 (4th Cir.1963) (expert testimony admitted regarding other patients expert had treated who had suffered illness after using defendant's product.)[2] Defendant relies on *Amatucci v. Delaware and Hudson Railway Company,* 745 F.2d 180 (2d Cir. 1984), in which the Court held that it was error for the District Court to admit evidence of the number of employees who had suffered heart attacks while employed by the defendant in a lawsuit in which the plaintiff sought to prove that stressful working conditions had caused him to have a heart attack. However, as Plaintiffs correctly point out in their response to the Defendant's Sur-Reply memorandum, the evidence sought to be admitted in this instance is different in several important respects. First, while heart disease is widespread and commonly understood to be caused by many factors, in the instant matter Plaintiff's experts will testify that Mr. Grenier's condition is of rare incidence in the general population. Second, in *Amatucci,* no evidence was presented concerning the circumstances of the other employees' illnesses. In this case, the Defendant has had full access through discovery to the medical records of the individuals involved from which to develop cross-examination as to other factors which might cause their conditions. Therefore, the Court concludes that the testimony of Mr. Grenier's coworkers concerning their medical conditions is properly admissible if Plaintiffs establish at trial that the circum-

stances of the coworkers' exposure to the Defendant's product and the nature of their medical conditions are substantially similar to the Plaintiff's.[3]

■ The Defendant asserts that the coworker group selected by the Plaintiffs is incorrect because two members of the group were exposed to a different chemical than Mr. Grenier, and two other individuals who worked with Mr. Grenier were not included in the group. Plaintiffs dispute these objections and point out that neither of the coworkers who the Defendant asserts were exposed to a different chemical have contracted the illness Mr. Grenier allegedly suffers. The Court concludes that Defendant's objections to the composition of the coworker group arise from its characterization of the proffered coworker testimony as a flawed, and therefore inadmissible, epidemiological study. *See, e.g., Kehm v. Procter & Gamble Manufacturing Company,* 724 F.2d 613, 617 (1983). However, such testimony is not admitted as a valid epidemiological study, but as similar occurrences admissible under Fed.R.Evid. 401, assuming Plaintiffs provide a proper foundation. Therefore, Defendant's objections do not render the evidence inadmissible, but are proper grounds for cross-examination at trial and may be relevant to the requisite showing of substantially similar circumstances which Plaintiffs must make in order to support the admissibility of this coworker testimony.

### Medical Records and Reports Regarding Mr. Grenier's Coworkers

■ Plaintiffs also seek a ruling *in limine* on the admissibility of the medical records of Mr. Grenier's coworkers. Since the Court has determined, in regard to

**2.** See also *Worsham v. A.H. Robins Company,* 734 F.2d 676, 689 (11th Cir.1984) (evidence of similar accidents and injuries is admissible to prove the harmful tendency or capacity of a product); *Parke-Davis and Company v. Shane Stromsodt,* 411 F.2d 1390 (8th Cir.1969) (record contained letters reporting other instances of illness resulting from vaccine); *Rexall Drug Company v. Nihill,* 276 F.2d 637 (9th Cir.1960) (other consumer reactions to hair product inad-

missible because reactions not substantially similar to plaintiff's).

**3.** Presumably, expert testimony will be required to establish the medical condition of the coworkers. Defendants have indicated their intention to file a motion for summary judgment in part based on their contention that Plaintiff's experts are relying on improper evidence in violation of Fed.R.Evid. 703.

coworker testimony, that the medical conditions of these coworkers are relevant if similar circumstances are demonstrated at trial, these documents are not inadmissible, as Defendant contends, on the ground of lack of relevance.

Plaintiffs also argue that these documents are not inadmissible on hearsay grounds because they fall into several exceptions enumerated in Fed.R.Evid. 803. The Defendant has not raised or briefed this issue except to note that a hearsay objection to these documents does not arise unless the evidence is found to be probative on the issue of causation. Defendant's Sur-Reply Memorandum at 5, n. 1. While in some instances, certain medical records have been held to be inadmissible hearsay, *see, e.g., Petrucelli v. Gallison*, 679 F.2d 286, 289–291 (1st Cir.1982), in others such evidence may be admitted under the business records exception, Fed.R.Evid. 803(6). *See, e.g., Higgins v. Martin Marietta Corp.*, 752 F.2d 492, 497 (10th Cir.1985). *See also* 4 D. Louisell, C. Mueller, *Federal Evidence* 707 (1980); J. Weinstein, M. Berger, 4 *Weinstein's Evidence* 803–200 (1985). Since the Defendant has not raised this issue directly, and neither party has concentrated on this issue in the briefs submitted, Plaintiffs' motion in regard to coworker medical records is *GRANTED* subject to hearsay objections raised at trial.

Accordingly, Plaintiffs' Motion *in Limine* to Admit Testimony of Certain Co-Workers of the Plaintiff Regarding Their Medical Conditions is *GRANTED* subject to the conditions specified herein.

So ORDERED.